**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-682 |
| | § | C.A. No. C-07-257 |
| ELIAS SOTO-NAVA, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

On January 22, 2007, the Clerk's office received a motion from Defendant Elias Soto-Nava ("Soto"). (D.E. 29.)[1] The document is titled as a "Motion for Time Reduction By An Inmate in Federal Custody Under (28 U.S.C. § 2255)." (D.E. 29 at 1.) The motion states that the relief sought is a "downward departure." (Id.) Soto's brief motion lists a single ground for relief, i.e., that his equal protection and due process rights were violated because he is being treated differently from United States citizens. Specifically, he complains that, unlike United States citizens, he is not eligible for a reduction in his sentence for participation in a Bureau of Prisons ("BOP") residential drug-treatment program, for placement in a halfway home, or for a prison job while incarcerated. For the reasons discussed herein, the Court construes his filing as a motion to reduce sentence and the motion is DENIED.

## I. BACKGROUND

On November 18, 2005, Soto was charged in a single-count indictment with possession with intent to distribute approximately 8 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Docket entries refer to the criminal case, Cr. C-05-682.

1

841(b)(1)(A).  (D.E. 7.)  On December 23, 2005, he pleaded guilty pursuant to a written plea agreement that included a waiver of his appellate and § 2255 rights. (D.E. 12, 13.)  Soto was sentenced on May 17, 2006 to 80 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and the Court also imposed a $100 special assessment.  (D.E. 26, 27.)  Judgment was entered against Soto on May 24, 2006.  (D.E. 27.)  Consistent with the waiver of appellate rights in his plea agreement (D.E. 13 at ¶ 7), Soto did not appeal.

## II. ANALYSIS

### A.  Characterization of Motion

At the outset, the Court notes that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).  Although Soto in one place references 28 U.S.C. § 2255, he does not assert any cognizable ground for relief under § 2255.  Instead, he asks for a reduction in sentence based on the fact that his status as a deportable alien makes him ineligible for certain benefits while incarcerated and ineligible for certain placements within the Bureau of Prisons. The Court is thus unsure as to whether Soto intended to file a § 2255 motion.  Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 540 U.S. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather, the Court construes his filing as a motion for reduction in sentence.[2]

---

[2] The Court further notes that, even if it were construed as a § 2255 motion, Soto's motion would likely be subject to dismissal based on his valid and voluntary waiver of his right to file a § 2255 motion. (See D.E. 13 at ¶ 7.)  The claim he raises in his motion clearly falls within the scope of his waiver, and he does not challenge the waiver or his plea. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing

**B.      Motion for Reduced Sentence**

Having determined that Soto's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds that entitle him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Soto fails to assert grounds for modification that fall into any of the categories above. Moreover, his substantive claim that is without merit for at least three reasons. First, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added). As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release. Lopez v. Davis, 531 U.S. 230 (2001). Thus, it is the BOP's policy that he is actually challenging, not his sentence. Similarly, it is the BOP

---

defendant's voluntary and knowing waiver of § 2255 rights)

3

that decides where to place inmates and whether placement in a halfway house is appropriate for any inmate, and the BOP that implements policies governing prison employment.

Second, the BOP's policies on the precise issues of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood similar challenges. See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85, (9th Cir. 1999), cert. denied, 120 S. Ct. 814 (2000) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement).

Third, even if Soto had asked for similar relief at sentencing, it would not have been granted. The sentencing guidelines provide that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases are considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

For all of the foregoing reasons, Soto's claim does not entitle him to relief.

### III. CONCLUSION

Soto's motion for a time reduction pursuant to 28 U.S.C. § 2255 (D.E. 29) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED. Additionally, in light of this

Court's determination that Soto's motion is not properly construed as a § 2255 motion, the Clerk is directed to administratively close the corresponding civil action opened in connection with Soto's motion, Civil No. C-07-257.

ORDERED this 11th day of June, 2007.

_____
Janis Graham Jack
United States District Judge